

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00232-CR

---

NOEL V. ANDRADE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 75,063-D, Honorable Pamela Cook Sirmon, Presiding

---

July 10, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pursuant to a plea bargain agreement, appellant Noel V. Andrade was convicted of possession of a controlled substance. The trial court's certification of appellant's right of appeal reflects that appellant's case is a plea-bargain case with no right of appeal and that appellant waived the right of appeal. TEX. R. APP. P. 25.2(a)(2), (d). Notwithstanding the certification, appellant filed a notice of appeal challenging his conviction. An appeal must be dismissed unless a certification showing that the appellant has the right to appeal has been made a part of the appellate record. TEX. R. APP. P. 25.2(d). We notified

appellant of the consequences of the certification and invited him to provide an amended certification showing a right of appeal. Appellant has filed a response but has not shown grounds for continuing the appeal.[1] Nor was an amended or other certification filed indicating that appellant has a right to appeal.

Accordingly, we dismiss the appeal based on the trial court's certification that appellant waived all appeals and has no right of appeal.

Per Curiam

Do not publish.

---

[1] On June 24, 2019, appellant filed a "Motion for Hearing Under Defendant's 14th Amendment Right of Speedy Trial" seeking habeas relief. As we informed him in *Ex parte Andrade*, No. 07-19-00234-CR, 2019 Tex. App. LEXIS 5303, at *1 (Tex. App.—Amarillo June 25, 2019, orig. proceeding) (per curiam) (mem. op, not designated for publication), the Court of Criminal Appeals has exclusive habeas jurisdiction in felony cases. Accordingly, his motion is denied.